UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRGIL DEAN ST. PIERRE, <br><br> Plaintiff, <br><br> v. <br><br> VETERANS ADMINISTRATOR DIRECTOR, SEATTLE REGIONAL OFFICE, <br><br> Defendant. | CASE NO.  C11-1893RSM <br><br> AMENDED ORDER TO SHOW CAUSE RE: SERVICE OF SUMMONS AND COMPLAINT |

Plaintiff Virgil Dean St. Pierre, appearing *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983. Dkt. # 1. He alleges that he is 100% disabled with a service connected disability, and seeks disability payments dating back to 1967 or 1968 when he was honorably discharged from military service. He also seeks punitive damages of ten times the amount of compensatory damages. *Id*., p.3.

The complaint was filed November 10, 2011, and there is no indication in the record that plaintiff has ever served defendant with copies of the summons and complaint, or requested waiver of service. On April 6, 2012, the Court ordered plaintiff to show cause why the complaint should not be dismissed for failure to serve defendant within 120 days after filing. Dkt. # 12. Plaintiff has responded with 165 pages of copies of various documents, together with another "emergency motion for evidentiary hearing." The documents include copies of plaintiff's medical records from both plaintiff and his deceased brother David St. Pierre; copies of flight itineraries for two trips to Manila, Philippines, in January and March 2012; copies of various news reports of alleged government misconduct; and various documents relating to plaintiff's claim. Although plaintiff states in his response that he has

ORDER

1 served defendant with summons and complaint "over and over," nowhere is there a proof of such
2 service. The docket indicates plaintiff has not at any time requested issuance of summons.

3       The named defendant is the "Veterans Administration Director, Seattle Regional Office." Dkt. #
4 1. Rule 4 of the Federal Rules of Civil Procedure requires that service upon the director of an agency of
5 the United States is accomplished by (1) delivering a copy of the summons and of the complaint to the
6 United States attorney for the district where the action is brought, or to an assistant United States
7 attorney or clerical employee who is designated for such purpose, or by sending a copy of the summons
8 and complaint by registered or certified mail to the civil process clerk at the office of the United States
9 Attorney in this district. Fec.R.Civ.P. 4(I) (1)(A). In addition, a copy of the summons and complaint
10 must be sent to by registered or certified mail to the United States Attorney General. Fed.R.Civ.P.
11 4(i)(1)(B). Finally, because the defendant is an officer sued in his official capacity, a copy of the
12 summons and complaint must be sent to the agency or officer. Fed.R.Civ.P. 4(i)(2).

13       Plaintiff filed with his complaint fourteen pages of copies of certified mail return receipts, each
14 bearing photocopies of three or four such receipts. Dkt. # 1, Exhibit 1, pp. 43-56. These demonstrate
15 that something was mailed to many entities such as CNN News; King 5 News; the Florida State
16 Attorney General; Seattle Mayor Mike McGinn [sic]; the Clerk of this Court; Senators Patty Murray,
17 Maria Cantwell, Richard Burr, and Harry Reid; the National Veterans' Legal Services Program; the
18 Seattle VA Regional Office; the Department of Veterans' Affairs; Eric Shinseke, Secretary of Veterans'
19 Affairs; President Barack Obama; the United States Attorney General; the Washington State Attorney
20 General; and others. Nowhere among them is a copy of a return receipt showing a mailing by certified
21 mail to the civil process clerk for the United States Attorney in this district as required by Rule
22 4(i)(1)(A)(ii). Further, even assuming that these mailings included a copy of the complaint filed in this
23 action, there is no indication in the record that a copy of the summons was included. As noted above,
24 plaintiff has not requested issuance of summons, nor has the Clerk issued it. The return receipts
25 therefore are not proof of service of the summons and complaint.

26       Rule 4(m) states, in relevant part,

27       If a defendant is not served within 120 days after the complaint is filed the court—on

28 ORDER

motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made with a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

The Court has provided notice to plaintiff and given him an opportunity to show cause for his failure to timely serve defendant. Although he has not demonstrated any cause, the Court shall direct that service be made within a specified time. Plaintiff shall provide proper proof of service of summons and complaint in accordance with Rule 4 (i)(1) and (2) on or before May 18, 2012, or the complaint and action shall be dismissed. The "emergency motion for an evidentiary hearing" (Dkt. # 13) is STRICKEN as improper.

DATED this 2nd day of May 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER